## Baker's Estate.

*Will—Decedent's estates—Collateral inheritance tax—United States tax on legacies.*

Testatrix by her will, executed in 1895, directed as follows : " I order and direct collateral inheritance tax on my whole estate, including that upon any bequests or legacies herein made or given, shall be paid by my executor out of the corpus of my estate or any moneys which may come into his hands, so that the legacies shall be paid to the legatees named herein in full, free of all tax." *Held*, that the United States internal revenue tax on legacies under the act of congress of June 13, 1898, was not payable by the executor out of the corpus of the estate.

Argued Oct. 10, 1902. Appeal, No. 46, Oct. T., 1902, by George W. Eadline, from decree of O. C. Phila. Co., April T., 1901, No. 582, dismissing exceptions to adjudication in estate of Mary Baker, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that Mary Baker died April 30, 1900, leaving a will dated September 12, 1895, with codicils, the last of which was dated October 27, 1897, which were admitted to probate, May 5, 1900.   On July 16, 1901, the adjudication was filed, charging the appellant, George W. Eadline, a cousin of decedent, with the war revenue tax on a legacy of $10,000 and on bequests of certain articles of furniture.   The appellant excepted to this charge.   The orphans' court dismissed his exception and the adjudication was confirmed.

The material portion of the will is quoted in the opinion of the Superior Court.

*Error assigned* was decree dismissing the exceptions.

*Henry J. Scott*, for appellant, cited: Gosden v. Dotterill, 1 M. & K. 56 ; Dawkins v. Tatham, 2 Sim. 492; Bispham's Est., 6 Pa. C. C. R. 459.

*W. H. Snyder*, for appellee.

OPINION BY ORLADY, J., December 13, 1902:

The last will of the decedent is dated September 12, 1895, and she died April 30, 1900.   At the adjudication, the executor deducted from a legacy bequeathed to the appellant the amount needed to pay the United States internal revenue tax on legacies, under an act of congress, approved June 13, 1898.   The appellant urges that the provision that the legacies should be "paid in full, free from all tax," contemplated taxes and charges under laws existing at the date of the will, and all anticipated taxes and charges that might thereafter be imposed.   This contingency could have been provided for by the use of appropriate words which are lacking in the will.   The sentence involved is as follows: " I order and direct collateral inheritance tax on my whole estate, including that upon any bequests or legacies herein made or given, shall be paid by my executor out of the corpus of my estate or any moneys which may come into his hands, so that the legacies shall be paid to the legatees named herein in full, free of all tax."   This indicates a clear disposition on the part of the testatrix to charge the corpus of the estate with the " collateral inheritance tax " only, which was at

that time the only legacy tax in existence, and from this the legacies were relieved. We concur in the view taken by the orphans' court, and the decree is affirmed.

W. W. PORTER, dissents.